UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| A.S.M.,<br><br>Petitioner,<br><br>v.<br><br>TODD LYONS, et al.,<br><br>Respondents. | No. 26 C 5381<br><br>Judge Thomas M. Durkin |

**MEMORANDUM OPINION AND ORDER**

A.S.M., a Mexican national with an aggravated felony conviction who was released and re-detained years later by Immigration and Customs Enforcement ("ICE"), petitioned for a writ of habeas corpus. The Court granted the petition and ordered Respondents to provide A.S.M. with a bond hearing. A.S.M. received a bond hearing on July 21, 2026. A.S.M. now moves to enforce the Court's judgment, arguing that the hearing did not comply with the Court's order or due process. R. 34. For the following reasons, that motion is denied.

**Background**

I. Prior History

A.S.M. is a 45-year-old transgender woman from Mexico who has lived in the United States for over 25 years. R. 30 at 1. On February 18, 2022, she was convicted of indecent solicitation of a child/aggravated criminal sexual abuse, sentenced to a term of three years' time served, and placed on the sex offender registry. *Id.* She was also convicted of attempted possession of a controlled substance, for which she served

100 days in state custody. *Id.* Upon her release from state custody on November 7, 2022, ICE initiated removal proceedings. *Id.* A.S.M. applied for asylum, withholding of removal, and relief under the Convention Against Torture in September 2023 and received employment authorization in March 2024. *Id.* at 2. Her removal proceedings are ongoing. *Id.*

Also on November 7, 2022, ICE briefly placed her in custody before releasing her on her own recognizance, contingent on her participation in the Intensive Supervision Appearance Program and compliance with certain conditions, including wearing a GPS tracking ankle bracelet, attending check-ins, and refraining from violating any local, state, or federal laws. *Id.* The Form I-213 encounter record ("I-213") cites 19 violations of these conditions, though it does not specify their nature or timing. R. 12-3 at 2–3. Separately, on March 13, 2024, A.S.M. was convicted of attempted failure to register as a sex offender and sentenced to 24 months of supervision. R. 30 at 3.

On May 6, 2026, ICE detained A.S.M. when she appeared for a check-in. *Id.* On July 15, 2026, the Court granted her petition for habeas corpus and ordered Respondents to provide her with a bond hearing wherein they had the burden of proving by clear and convincing evidence that she is a flight risk or a danger to the community. *Id.* at 12–13.

II. Bond Hearing

Respondents provided A.S.M. with a bond hearing on July 21, 2026. R. 32; R. 37 (audio recordings of bond hearing). The Immigration Judge ("IJ") began the

hearing by swearing in A.S.M. and asking whether there were any objections to the evidence submitted. As to the record, the U.S. Department of Homeland Security ("DHS") submitted the I-213, and A.S.M.'s counsel submitted a legal memorandum, letters of support, evidence of pending applications for asylum, and prior tax returns. R. 34-1. A.S.M.'s counsel objected to the inherent reliability of the I-213, citing the lack of detail as to the nature and timing of the 19 violations.[1] R. 37. The IJ overruled the objection, reasoning that there was no indication that the information contained in the I-213 was incorrect.

The IJ then heard argument from counsel for DHS, who asserted that A.S.M.'s status as a registered sex offender, 2024 conviction, unknown 19 violations, prior aggravated felony conviction, and speculative asylum claim made her a danger to the community and a flight risk. In response, A.S.M.'s counsel emphasized the burden and argued that the I-213 was insufficient to satisfy that burden. She discussed A.S.M.'s compliance with registration requirements following the 2024 conviction, lack of new convictions, general compliance with supervision conditions, mental health and community support, and high risk of suicide in detention.

The IJ acknowledged the lack of information about the 19 violations, while noting the lack of support in the record rebutting flight risk. She also reiterated that DHS has the burden and asked A.S.M.'s counsel whether there was any dispute about the criminal history, to which A.S.M.'s counsel indicated there was not and admitted

---

[1] Counsel also objected to the admission of the I-213 based on A.S.M.'s psychiatric state when making any statements recorded therein. Counsel withdrew this basis for her objection to the I-213's inherent reliability following an inquiry by the IJ.

it was "significant." The IJ allowed DHS to respond, asked DHS what she should do with the fact that the I-213 had no detail about the violations, and noted the strength of A.S.M.'s asylum claim.

The IJ then made her findings.[2] She began by stating that her task was to determine whether DHS had shown by clear and convincing evidence that A.S.M. is a danger to the community and/or a flight risk. She concluded that DHS established that A.S.M. is a danger to the community based on the seriousness and recency of her criminal history. The IJ cited A.S.M.'s status as a registered sex offender; her arrests for attempted drug possession, driving without a license, and attempted failure to register as a sex offender, all within the last several years; and, notwithstanding her mental health treatment, the lack of evidence of rehabilitation. The IJ further concluded that DHS established that A.S.M. is a flight risk, reasoning that her criminal history showed a disregard for the law and noting her post-release conviction and her 19 "incidents" while on release. The IJ stated that she considered A.S.M.'s mental health history, letters of support, and the strength of the asylum claim, but none mitigated the recent, serious criminal history and pattern of not complying with the law or applicable regulations. On those bases, the IJ denied bond.

III. Motion to Enforce

On August 3, 2026, A.S.M. filed a motion to enforce the judgment, arguing that the bond hearing she received violated this Court's order and due process and seeking

[2] Per the recording at R. 37, the IJ's ruling was contemporaneously translated for A.S.M. by an interpreter.

immediate release or a second bond hearing in which DHS has the burden of proving by clear and convincing evidence that she is a flight risk or a danger to the community. R. 34.

## Discussion

### I. Jurisdiction

Respondents argue that 8 U.S.C. § 1252(g), 8 U.S.C. § 1252(b)(9), and 8 U.S.C. § 1226(e) deprive this Court of jurisdiction to consider A.S.M.'s motion. But this argument rests on a mischaracterization of that motion. A.S.M. does not, as Respondents claim, challenge her ongoing removal proceedings or the IJ's decision to deny her bond. Rather, she challenges the process from which the denial resulted as violating this Court's order and due process. None of the cited statutes preclude jurisdiction over such a challenge.

Section 1252(b)(9) "bars review of claims arising from 'action[s]' or 'proceeding[s] brought to remove an alien.'" *Dep't of Homeland Sec. v. Regents of the Univ. of California*, 591 U.S. 1, 19 (2020) (quoting 8 U.S.C. § 1252(b)(9)). Where, as here, a petitioner is not asking for review of an order of removal, the decision to seek removal, or the process by which removability will be determined, section 1252(b)(9) does not apply. *Id.* (citing *Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018)).

Section 1252(g) is similarly narrow: it "limits review of cases 'arising from' decisions 'to commence proceedings, adjudicate cases, or execute removal orders.'" *Id.* (quoting 8 U.S.C. § 1252(g)). It "does not sweep broadly; only challenges to the three listed decisions or actions . . . are insulated from judicial review." *E.F.L. v. Prim*, 986 F.3d 959, 964 (7th Cir. 2021) (citing *Reno v. American-Arab Anti-Discrimination*

*Comm.*, 525 U.S. 471, 482–83 (1999)). Because A.S.M. is not seeking review of any of these decisions or actions, section 1252(g) does not apply. *See Ramirez v. Blanche*, No. 5:26-CV-03938-DTB, 2026 WL 2395217, at *8 (C.D. Cal. Aug. 17, 2026) (holding that section 1252(g) did not apply to challenge that bond hearing violated court order and due process).

Section 1226(e) provides that "[t]he [Secretary of Homeland Security's] discretionary judgment regarding the application of this section shall not be subject to review," and that "[n]o court may set aside any action or decision by the [Secretary] under this section regarding the detention of any [noncitizen] or the . . . denial of bond[.]" 8 U.S.C. § 1226(e). Section 1226(e) deprives the Court of jurisdiction to review the IJ's discretionary decision to deny bond, not the constitutional adequacy of the process from which the denial resulted. *Al-Siddiqui v. Achim*, 531 F.3d 490, 494 (7th Cir. 2008) (holding that section 1226(e) "contains no explicit bar to constitutional challenges or habeas review"); *Brena v. Olson*, No. 1:26-CV-00931-JMS-MJD, 2026 WL 1625379, at *3 (S.D. Ind. June 5, 2026) (holding that section 1226(e) did not preclude jurisdiction to consider a claim that the process by which a bond hearing was held violated due process); *Jovel v. Noem*, No. 1:25-CV-01233-KG-DLM, 2026 WL 1430041, at *2 (D.N.M. May 21, 2026) (same).

Moreover, "[w]hen a district court issues a conditional habeas writ, it retains jurisdiction to determine compliance." *Jensen v. Pollard*, 924 F.3d 451, 454 (7th Cir. 2019) (citing *Hudson v. Lashbrook*, 863 F.3d 652, 656 (7th Cir. 2017)); *Espana v. Nessinger*, No. 26-CV-014-JJM-PAS, 2026 WL 821788, at *6 (D.R.I. Mar. 25, 2026)

(holding that court retained jurisdiction to review compliance with its order for a constitutionally adequate bond hearing). The Court has jurisdiction to consider A.S.M.'s motion to enforce.

II. Exhaustion

Respondents also argue that A.S.M. must exhaust administrative remedies by first appealing to the Board of Immigration Appeals. They do not cite, nor has the Court found, any statutory exhaustion requirement that applies in this context. "Where Congress has not clearly required exhaustion, sound judicial discretion governs." *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (quoting *McCarthy v. Madigan,* 503 U.S. 140, 144 (1992)). Here, the Court declines to require exhaustion where the motion seeks enforcement of the Court's prior order and raises a constitutional issue that the BIA cannot adjudicate. *Id.* (explaining that exhaustion is properly excused where "the agency lacks the ability or competence to resolve the issue or grant the relief requested") (citation omitted); *Matter of Rodriguez-Carrillo*, 22 I & N. Dec. 1031, 1035 (BIA 1999) ("[N]either the [IJ] nor this Board may rule on the constitutionality of the statutes that we administer."); *see also Lu v. Divver*, No. 26-CV-781-JES-DEB, 2026 WL 1755174, at *4 (S.D. Cal. June 2, 2026) (excusing exhaustion "for purposes of reviewing compliance with the Court's prior order for a bond hearing"); *Blandon v. Barr*, 434 F. Supp. 3d 30, 37 (W.D.N.Y. 2020) (excusing exhaustion for a motion to enforce an order requiring a constitutionally adequate bond hearing).

III. Merits

A.S.M. argues that the IJ violated the Court's order by failing to place the burden on DHS to show by clear and convincing evidence that A.S.M. is a flight risk or a danger to the community. A.S.M. can make this showing by demonstrating that: (1) the evidence submitted by DHS could not possibly establish by clear and convincing evidence—as a matter of law—that A.S.M. is a danger to the community or flight risk or (2) it is clear from the IJ's opinion that she did not apply the correct standard. *Garcia v. Hyde*, 817 F. Supp. 3d 112, 126 (D.R.I. 2025) (citations omitted). A.S.M. has not made this showing with respect to the IJ's determination that she is a danger to the community.

First, the I-213 could reasonably establish a high probability that A.S.M. is a danger to the community. *Colorado v. New Mexico*, 467 U.S. 310, 316 (1984) (explaining that the "clear and convincing evidence" standard requires evidence that shows a factual contention is "highly probable"). The I-213 details A.S.M.'s criminal history, including her January 2020 arrest for possession of a controlled substance and registration expiration; October 2020 arrest for possession of a controlled substance and indecent solicitation of a child; February 2022 conviction for indecent solicitation and aggravated criminal abuse, for which she was sentenced to a term of three years imprisonment; and October 2023 arrest for a sex offender registration violation, with an amendment or reduction of that charge in March 2024. R. 34-1 at 11–15. It also states that she is currently registered as a sex offender. *Id.* at 15. Based on the seriousness and recency of this criminal history, a reasonable jurist could find, by clear and convincing evidence, that A.S.M. is a danger to the community. *Cf.*

*Blandon*, 434 F. Supp. 3d at 39–40 (finding IJ misapplied clear and convincing evidence standard as to dangerousness where he only considered the seriousness of the petitioner's criminal convictions, not their recency).

A.S.M. argues, as she did before the IJ, that the I-213 is inherently unreliable. But that argument is premised solely on the lack of detail in the I-213 as to the nature and timing of the 19 violations. A.S.M. does not argue, and did not argue before the IJ, that the criminal history detailed in the I-213 is incorrect. To the contrary, A.S.M.'s counsel recounted A.S.M.'s 2022 and 2024 convictions in her brief and submitted into the record both this Court's order detailing her criminal history and her asylum application listing her 2020 arrest, 2022 convictions, and the tickets she received for driving without a license or insurance. *See* R. 34-1. A.S.M.'s counsel also told the IJ that she did not dispute A.S.M.'s criminal history, agreed with IJ's comment that the criminal history was "significant," and acknowledged that A.S.M. is still a registered sex offender. R. 37. Moreover, this Court's previous observation that there may be some reason to doubt the accuracy of the I-213's reference to 19 violations—based on evidence that does not appear to have been submitted to the IJ—has no bearing on the accuracy of the I-213's recitation of A.S.M.'s criminal history.

A.S.M. further contends that because DHS was aware of her criminal history when it released her November 2022, her criminal history is insufficient, as a matter of law, to show she is currently a danger to the community. Yet, ICE could not have accounted for her arrest, conviction, and sentence for attempted failure to register as

a sex offender when initially releasing her because those events had not yet occurred. A.S.M. also notes that ICE allowed her to remain on release until May 2026 notwithstanding this new criminal conduct. Yet, as of the IJ's decision, A.S.M.'s criminal history—including her current registration as a sex offender—was both recent and serious. A reasonable jurist could conclude that there is a high probability that A.S.M. is a danger to the community based on this criminal history.

Second, the IJ's oral ruling made clear that she applied the correct standard. IJ expressly stated during that ruling, and several times throughout the bond hearing, that DHS had the burden of showing by clear and convincing evidence that A.S.M. is a danger to the community or a flight risk. She did not, as A.S.M. claims, merely pay "lip service" to that standard. Instead, she discussed the evidence of A.S.M.'s criminal history detailed in the I-213 and explained how the recency and seriousness of that criminal conduct established that A.S.M. is a danger to the community. As such, A.S.M. fails to show that the IJ misapplied the standard set forth by this Court in determining that A.S.M. is a danger to the community.

With this finding, the Court need not evaluate whether the IJ held DHS to its burden of showing that A.S.M. is a flight risk by clear and convincing evidence. The IJ's determination that DHS established by clear and convincing evidence that A.S.M. is a danger to the community, on its own, warranted the denial of bond under the Court's order. *See also* R. 30 at 12 (requiring Respondents "to show by clear and convincing evidence that [A.S.M.] poses a flight risk *or* a danger to the community"

(emphasis added)). Because the bond hearing comported with the Court's order and due process, the motion is denied.

## Conclusion

For the foregoing reasons, the motion to enforce the judgment is denied.

ENTERED:

Honorable Thomas M. Durkin
United States District Judge

Dated: August 26, 2026